CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 2 8 2005
JOHN F. CORCORAN, CLERK
BY: H. McDonald
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

UNITED STATES OF AMERICA

V.

JOHNNY L. VENABLE

Criminal No 4:05CR0006-001

## PRELIMINARY ORDER OF FORFEITURE
## AND FINAL AS TO DEFENDANT

**IT IS HEREBY ORDERED THAT:**

A. As the result of the guilty plea on Counts One, Two, Five, Six, Seven, Eight, Nine, Ten, Eleven and Twelve of the Indictment, violations of 21 U.S.C. Section 841(a)(1), the defendant shall forfeit to the United States:

(1) All property constituting, or derived from proceeds the defendant obtained directly or indirectly as the result of such violations;

(2) All property used or intended to be used in any manner or part to commit or facilitate the commission of the offense;

B. The Court has determined based on the evidence of record and the defendant's plea agreement that the following property is subject to forfeiture pursuant to 21 U.S.C. Section 853, and that the government has established the requisite nexus between such property and such offenses:

(1) .357 caliber revolver
(2) Storm Ruger P85MKII nine millimeter pistol

C. The United States and/or its designee, is authorized to seize the forfeited property, whether held by the defendant or by a third party and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R.

Crim. P. 32.2(b)(3).

**D.** The United States shall publish notice of the order and its intent to dispose of the property in a newspaper of general circulation, the *Danville Register & Bee*, P.O. Box 311, Danville, Virginia 24541. The United States may also to the extent practicable, provide written notice to any person known to have an alleged interest in the forfeited property.

**E.** Any person, other than the above named defendant, asserting a legal interest in the forfeited property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the forfeited property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. section 853(n).

**F.** Pursuant to Fed. R. Crim P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim P. 32.2(c)(2).

**G.** Any petition filed by a third party asserting an interest in the forfeited property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the forfeited property, and any additional facts supporting the petitioner's claim and the relief sought.

**H.** After the disposition of any motion filed under Fed. R. Crim. P.32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve

factual issues.

**I.** The United States shall have clear title to the forfeited property following the Court's disposition of all third-party interests, or, if none, following the expiration of the thirty day notice period provided in 21 U.S.C. section 853(n)(2) for the filing of third party petitions.

**J.** Forfeiture of the "five shot .38 caliber revolver, serial number 26481 is not necessary as during the investigation herein, this firearm was purchased from Defendant on behalf of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATFE). As the owner of said firearm, the BATFE shall dispose of said firearm according to law.

**K.** The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ENTERED THIS 28th DAY OF November, 2005.

_____
UNITED STATES DISTRICT JUDGE